DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
MARK A. LEMLEY (SBN 155830)
mlemley@durietangri.com
CLEMENT S. ROBERTS (SBN 209203)
croberts@durietangri.com
CATHERINE Y. KIM (SBN 308442)
ckim@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

Attorneys for Plaintiff
STATIC CONTROL COMPONENTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| STATIC CONTROL COMPONENTS, INC., | Case No.: 8:17-cv-1221 |
|---|---|
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| ASTER GRAPHICS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

Plaintiff Static Control Components, Inc. ("SCC"), for its Complaint against Aster Graphics, Inc. ("Aster"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action arising under the patent laws of the United States, codified at 35 U.S.C. §§ 1, *et seq*. for infringement of U.S. Patent Nos. 9,599,949 ("the '949

patent") and 9,671,742 ("the '742 patent") through Aster's importation, offer for sale, and sale of certain aftermarket printer cartridges.

## PARTIES

2. SCC is a North Carolina corporation and has its principal place of business in Sanford, North Carolina. Among other things SCC sells aftermarket printer cartridges, supplies, and components.

3. Aster is a California corporation and has its principal place of business at 540 S. Melrose Street, Placentia, California 92870.

## JURISDICTION AND VENUE

4. This civil action arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. And this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Aster pursuant to the laws of the State of California, because Aster is a California corporation with its principal place of business in Placentia, California, because Aster has committed and continues to commit acts of patent infringement in this jurisdiction, and because Aster has filed suit for declaratory judgment of noninfringement as to the '949 and '742 patents in this District (Case No. 8:17-cv-01167).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1400 because Aster has committed acts of infringement in this district and has its principal place of business in Placentia, California.

## BACKGROUND

7. Plaintiff SCC was started in the Sanford, North Carolina garage of founder Ed Swartz. SCC has made and continues to make substantial investments in research and development as well as domestic manufacturing and customer support. As a result of those investments, SCC is today the world's largest manufacturer and global distributor of parts and supplies supporting the laser toner remanufacturing industry. SCC has won numerous awards, including the NCN Imaging Solutions "Most Trusted Company"

award (2012-2017); The Recycler Awards "Customer Service of the Year" award for 2017; The Recycler Awards "Supplier of the Year" award for 2016; and the BUSINESS-INFORM EXPO "Focus on Quality Award" for 2016 and 2017.

8. Defendant Aster Graphics, Inc. is the United States subsidiary of a Chinese company that was formed by former employees of Zhuhei Seine Technology Co., Ltd., who owns the majority interest in SCC's parent company. Aster's business model involves selling low-cost versions of SCC's high-quality products.

9. On June 29, 2017, SCC wrote to Aster to put it on notice of its infringement of the '949 and '742 patents and to demand that Aster immediately cease its infringing activity. Among other things, that letter attached a list of infringing products (specified by product number) and provided copies of the patents. A true and correct copy of that letter (minus the attached patents) is attached hereto as Exhibit 1.

## THE ASSERTED PATENTS

10. United States Patent No. 9,599,949, entitled Photosensitive Process Cartridge With Driving Force Receiver, was duly and legally issued on March 21, 2017, and names Weidong Gu, Geming Ding, Yonghong Li, Zhiyong Li, Jianxin Cao, Xiong Li, and Xiaobing Liu as the inventors. Attached as Exhibit 2 is a true and correct copy of the '949 patent.

11. SCC is the assignee of the entire right, title, and interest in the '949 patent. Attached as Exhibit 3 is a true and correct copy of the assignment as it was filed with the United States Patent and Trademark Office.

12. United States Patent Number 9,671,742, entitled Process Cartridge Having A Control Mechanism For A Driving Mechanism, was duly and legally issued on June 6, 2017, and names Weidong Gu, Geming Ding, Yonghong Li, Zhiyong Li, Jianxin Cao, Xiong Li, and Xiaobing Liu as the inventors. Attached as Exhibit 4 is a true and correct copy of the '742 patent.

13. SCC is the assignee of the entire right, title, and interest in the '742 patent. Attached as Exhibit 3 is a true and correct copy of the assignment as it was filed with the United States Patent and Trademark Office.

## COUNT I

### (PATENT INFRINGEMENT OF U.S. PAT. NO. 9,599,949)

14. SCC incorporates each of the preceding paragraphs as if fully set forth herein.

15. Aster has directly infringed and is directly infringing at least Claim 1 of the '949 patent by making, using, selling, offering for sale, and importing the AM-H0255AU, AM-H0255XU, AM-H0280AU, AM-H0280XU, AM-H0280XJU, AM-H0505A, AM-H0505AJ, AM-H0505X/XC[1], AM-H0505XJ, AP-HF226A, AM-C0119A, and AM-C0119X process cartridges (collectively referred to hereinafter as "Accused Products"). Charts showing how each of the Accused Products satisfies the limitations of Claim 1 either literally and/or under the doctrine of equivalents are attached hereto as Exhibits 6 through 17, which charts are hereby incorporated by reference.

16. Since at least June 29, 2017 when SCC sent Aster a letter identifying the '949 patent and Aster's infringement thereof, Aster has had knowledge of the '949 patent and of its infringement thereof. Despite this knowledge, Aster has continued to infringe at least Claim 1 of the '949 patent by making, using, selling, offering for sale, and importing the Accused Products. Because the '949 patent claims a physical structure that the Accused Products contain when they are made, used, offered for sale, sold, and imported, the Accused Products have no substantial non-infringing use and Aster has

---

[1] Prior to the filing of this Complaint, SCC ordered samples of the Accused Products. SCC placed an order for the AM-H0505X, but received the AM-H0505XC. The package is labeled "AM-H0505XC" and states that it is "FOR USE IN: HE-CE505X," but the cartridge inside the box is labeled "H505X black." Exhibit 5. Aster thus appears to consider the AM-H0505X and AM-H0505XC products as interchangeable, and SCC has attached claim charts for the AM-H0505XC. Exhibits 15, 27 [charts for 505XC].

therefore been contributing to the infringement of at least Claim 1 of the '949 patent by Aster's customers since at least June 29, 2017.

17. As a result of its infringement of the '949 patent, Aster has injured SCC (including by depriving SCC of sales that otherwise would have gone to SCC) and is therefore liable to SCC for infringement pursuant to 35 U.S.C. § 271. SCC is therefore entitled to monetary damages sufficient to compensate it for its injuries, but in no event less than a reasonable royalty for Aster's use of the invention together with interests and costs as fixed by the Court.

## COUNT II
### (PATENT INFRINGEMENT OF U.S. PAT. NO. 9,671,742)

18. Aster has directly infringed and is directly infringing at least Claim 1 of the '742 patent by making, using, selling, offering for sale, and importing the Accused Products. Charts showing how each of the Accused Products satisfies the limitations of Claim 1 of the '742 patent either literally and/or under the doctrine of equivalents are attached hereto as Exhibits 18 through 29, which charts are hereby incorporated by reference.

19. Since at least June 29, 2017 when SCC sent Aster a letter identifying the '742 patent and Aster's infringement thereof, Aster has had knowledge of the '742 patent and of its infringement thereof. Despite this knowledge, Aster has continued to infringe at least Claim 1 of the '742 patent by making, using, selling, offering for sale, and importing the Accused Products. Because the '742 patent claims a physical structure that the Accused Products contain when they are made, used, offered for sale, sold, and imported, the Accused Products have no substantial non-infringing use and Aster has therefore been contributing to the infringement of at least Claim 1 of the '742 patent by Aster's customers since at least June 29, 2017.

20. As a result of its infringement of the '742 patent, Aster has injured SCC (including by depriving SCC of sales that otherwise would have gone to SCC) and is therefore liable to SCC for infringement pursuant to 35 U.S.C. § 271. SCC is therefore

entitled to monetary damages sufficient to compensate it for its injuries, but in no event less than a reasonable royalty for Aster's use of the invention together with interests and costs as fixed by the Court.

## REQUEST FOR RELIEF

Wherefore, SCC requests the following relief:

(a) Judgment that Aster infringes one or more claims of the '949 and '742 patents due to its past and present commercial manufacture, use, offer for sale, sale, and/or importation of aftermarket printer cartridges;

(b) An injunction enjoining Aster, and all persons acting in concert with it, from making, using, selling, offering for sale, or importing the infringing aftermarket printer cartridges;

(c) Judgment awarding SCC damages resulting from such infringement, increased to treble the amount found or assessed together with interest pursuant to 35 U.S.C. § 284;

(d) A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(e) An award of SCC's costs and expenses in this action; and

(f) Such further and other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

DATED: July 17, 2017          DURIE TANGRI LLP

By:  */s/ Mark A. Lemley*
         Mark A. Lemley

Attorney for Plaintiff
Static Control Components, Inc.